# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Randy Williams,<br>   Plaintiff,<br><br>    v.<br><br>Savage Services Corporation, et al.,<br>   Defendants. | CV 19-6497 DSF (AGRx)<br><br>Order to Show Cause re Adequacy of Counsel |

Although adequacy of counsel is ordinarily determined at a later stage of the proceedings, it appears an early preliminary determination of whether Plaintiff's counsel is likely to be found adequate would serve the interests of the putative class and of judicial economy. Therefore, Plaintiff's counsel and other counsel who are likely to play a significant role are ordered to show cause in writing no later than May 6, 2020 why they would be adequate counsel to represent the class if a class were certified. In appointing class counsel, the Court:

 (A) must consider:
   (i) the work counsel has done in identifying or
   investigating potential claims in the action;
   (ii) counsel's experience in handling class actions, other
   complex litigation, and the types of claims asserted in
   the action;
   (iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to
representing the class;
(B) may consider any other matter pertinent to counsel's
ability to fairly and adequately represent the interests of the
class;
(C) may order potential class counsel to provide information
on any subject pertinent to the appointment and to propose
terms for attorney's fees and nontaxable costs.
Fed.R.Civ.P. 23(g)(1).

The response must provide full and complete information
responsive to Rule 23(g)(1)(A) and (B), and sufficient for the Court
to make an informed decision. Among other things, counsel must:
1. Identify (by court, filing date, judge's name, case name,
case number, etc.) all putative class actions filed by any law firm
and any individual attorney seeking to be named as class counsel
in any court, and state whether a motion for class certification was
filed, whether a class was certified, and, if so, whether the firm or
attorney was named as class counsel (if there are more than 20 for
any individual or firm, describe the most recent 20). If a class
certification motion was denied, specify the reasons given by the
court and provide a copy of the opinion or decision;
2. If not included in the response to the previous paragraph,
identify (by court, filing date, judge's name, case name, case
number, etc.) all cases in which there was a contested class
certification motion filed by any law firm and any individual
attorney seeking to be named as class counsel. If a class
certification motion was denied or any law firm or any individual
attorney seeking to be named as class counsel was not named
class counsel, specify the reasons given by the court and provide a
copy of the opinion or decision;
3. Describe the trial experience of each individual attorney
seeking to be named as class counsel;
4. Describe the experience of each individual attorney
seeking to be named as class counsel in other complex cases and in
the types of claims asserted in this action, describe the nature of
the cases/claims, identify the cases (by court, filing date, judge's

name, case name, case number, etc.) (if there are more than 20 for any individual or firm, describe the most recent 20);

5.  Identify (by court, filing date, judge's name, case name, case number, etc.) all cases in which the court found any law firm or any individual attorney seeking to be named here as class counsel not to be adequate to represent a class or otherwise declined to grant counsel's request to be appointed, specify the reasons given by the court, and provide a copy of the opinion or decision;

6.  Identify (by court, filing date, judge's name, case name, case number, etc. or other appropriate description) all cases (not limited to class actions or putative class actions), proceedings,  or circumstances in which the conduct or ethics (professional or otherwise) (including billing practices) of any law firm or any individual attorney seeking here to be named as class counsel have been the subject of written inquiry by any court, administrative agency, or bar association, and provide the complete facts and disposition of the matter ("written inquiry" includes an inquiry stated on the record even if not documented in writing);

7.  Identify (by court, filing date, judge's name, case name, case number, etc.) all cases (not limited to class actions or putative class actions) in which any law firm or any individual attorney seeking to be named here as class counsel has been admonished or sanctioned by any court or agency and provide the complete facts and disposition of the matter;

8.  Identify (by court, filing date, judge's name, case name, case number, and charge) any criminal conviction (other than infractions) of any counsel seeking to be named as class counsel;

9.  Identify (by court, filing date, judge's name, case name, case number, etc.) all cases (not limited to class actions or putative class actions) in which any counsel or any law firm representing Plaintiff has previously represented, or is currently representing, Plaintiff or a close relative of Plaintiff;

10.  Provide any agreement relating to this action with any person or entity other than Plaintiff;

11.  Provide counsel's proposal for terms for attorney's fees, including hourly rates, and nontaxable costs;

12.  Describe any liens against the assets, etc. of any law firm or any individual attorney seeking to be named here as class counsel;

13.  Describe how counsel intends to staff this case and the means by which counsel will fund the necessary costs, including expert's fees.  (The latter information may be filed in camera and under seal.);

14.  Provide any additional information that you believe would assist in determining whether the firm or individual attorney seeking to b names class counsel should be deemed adequate to serve as class counsel.

See Rule 23(g)(1)(C).

The Court requires that each attorney and firm seeking here to be named as class counsel answer separately (but not necessarily in a separate document).  In addition, counsel must provide all information responsive to items 5, 6, and 7 regarding any applicable case or circumstance involving a former law firm but based in whole or in part on the conduct of the individual attorney seeking here to be named as class counsel, even if the case was not identified in response to an earlier question.


　　IT IS SO ORDERED.


Date: April 6, 2020                    _____
                                       Dale S. Fischer
                                       United States District Judge